Filed 11/7/25 P. v. Bowman CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083016 |
| v. | (Super.Ct.No. RIF090904) |
| NORMA MARIA BOWMAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed and remanded.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher Beesley and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

1

At a hearing pursuant to Penal Code section 1172.75,[1] the court found defendant and appellant Norma Maria Bowman ineligible for a full resentencing hearing. On appeal, defendant contended this court should reverse the order and remand the matter to the trial court with directions to hold a full resentencing hearing. We affirmed.

On September 3, 2025, the California Supreme Court issued an order directing us to vacate our decision and reconsider the cause in light of *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*). We vacated our decision and offered the parties the opportunity to file supplemental briefs. We reverse and remand the matter with directions.

## I. PROCEDURAL BACKGROUND

On December 21, 2000, a jury convicted defendant of first degree burglary. (§ 459, count 1.) The court thereafter found true allegations that defendant had suffered two prior serious felony convictions (§ 667, subd. (a)), nine prior strike convictions (§§ 667, subds. (c) & (e), 1170.12, subd. (c)), and four prior prison terms (§ 667.5, subd. (b)). (*People v. Bowman* (Oct. 3, 2001, E029174) [nonpub. opn.] (*Bowman*).)

The court sentenced defendant to an aggregate term of imprisonment of 35 years. The court imposed a 25-year term for the burglary offense and two, consecutive, five-year terms for the prior serious felony conviction enhancements. The court stayed punishment on the prior prison term enhancements. (*Bowman*, *supra*, E029174.)

---

[1] All further statutory references are to the Penal Code.

2

Defendant appealed. This court affirmed the judgment. (*Bowman*, *supra*, E029174.)

On March 14, 2019, the California Department of Corrections and Rehabilitation (CDCR) filed a letter indicating that the court's most recent abstract of judgment appeared to have invalidly reflected that the court imposed a five-year term on one of the prior prison term enhancements.[2] On March 20, 2019, the court issued a corrected abstract of judgment in which it appears to have stricken two of the prior prison terms and stayed imposition of punishment on the remaining two.

On December 28, 2023, at a hearing at which counsel represented defendant, the court denied defendant's request for a full resentencing hearing. The court struck the prior prison term enhancements.

Defendant appealed. We affirmed the court's order because defendant's judgment had included prior prison terms upon which the court stayed punishment; thus, we held that since defendant was not serving a term of imprisonment for the enhancements, he was not entitled to a full resentencing hearing.

## II. DISCUSSION

"In 2019, in an effort to reduce the societal and fiscal burdens of incarceration, the Legislature passed Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill No. 136), which amended section 667.5[, subdivision] (b) to eliminate prior-prison-term enhancements for all prior crimes except for 'sexually violent offense[s] as defined in

---

[2] The clerk appears to have inserted a "5" instead of an "S" next to one of the priors.

3

subdivision (b) of Section 6600 of the Welfare and Institutions Code.' (Stats. 2019, ch. 590, § 1.) In 2021, Senate Bill No. 483 (2021–2022 Reg. Sess.) made this change retroactive. It enacted Penal Code section 1171.1 (Stats. 2021, ch. 728, §§ 1, 3), later renumbered without substantive change as Penal Code section 1172.75 (section 1172.75) (Stats. 2022, ch. 58, § 12), which declares: 'Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)

"A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing. [Citation.] To facilitate the process, the statute directs California's Department of Corrections and Rehabilitation (CDCR) to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a).' [Citation.] Upon receiving that information, the sentencing court must 'review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).' [Citation.] 'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' [Citation.] The statute provides separate deadlines for identification, review, and resentencing of 'individuals . . . currently serving a sentence based on the enhancement' and 'all other individuals.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"Section 1172.75, subdivision (d) sets forth detailed instructions for resentencing once a sentence has been recalled. As relevant here, subdivision (d) specifies: 'Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.' [Citation.] The trial court must 'apply the sentencing rules of the Judicial Council' as well as 'any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' [Citation.] In addition, the court may 'consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"[S]ection 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed. [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)

Here, defendant's judgment included four stayed prior prison term enhancements that were imposed before January 1, 2020.  None of the prior prison terms were for sexually violent offenses.  At the section 1172.75 hearing, the court denied defendant's request for a full resentencing hearing.  Thus, pursuant to *Rhodius*, the matter must be reversed and remanded with directions to the court below to hold a full resentencing hearing.

## III.  DISPOSITION

The matter is reversed and remanded to the trial court with directions to hold a full resentencing hearing.  We express no opinion as to whether defendant should be entitled to any further relief on remand.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

I concur:

CODRINGTON
J.

RAPHAEL
J.

6